1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GREGORY DANAHER,                      )
                                                        )       Case No. 2:13-cv-01633-JCM-NJK
                              Plaintiff,         )
                                                        )       <u>**ORDER**</u>
vs.                                                      )
                                                        )       (IFP App - Dkt. #1)
FREDERICK J. HANNA and ASSOCIATES, P.C., )
                                                        )
                              Defendant.     )
_____)

13      Plaintiff Gregory Danaher is proceeding in this action *pro se*, has requested authority pursuant to

14   28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1-1) on September 9,

15   2013.  This proceeding was referred to this court by Local Rule IB 1-9.

16   **I.      *In Forma Pauperis* Application**

17      Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and

18   costs or give security for them.  Docket No. 1  Accordingly, the request to proceed *in forma pauperis* will

19   be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

20   **II.     Screening the Complaint**

21      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint

22   pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally

23   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief

24   from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

25   complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as

26   to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

27   cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

28   . . . .

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

### A.     Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's suit here is, *inter alia*, for damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*  Claims under this statute invoke the Court's federal jurisdiction. . . . .

2

**B.      Fair Credit Reporting Act Claim**

Congress enacted the FRCA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. Of America v. Burr*, 551 U.S. 47, 52 (2007).  The FCRA, among other things, imposes civil liability on any person who obtains a consumer report for an impermissible purpose. 15 U.S.C. § 1681(b); *Thomas v. Financial Recovery Services*, 2013 WL 387968, *3 (C.D.Cal., 2013).  Here, the FCRA provision at issue is § 1681b, which provides a list of the appropriate purposes for which a user of consumer data, such as Defendant, may obtain an individual's "consumer report."[1]  15 U.S.C. § 1681b(a)(3).  Among the appropriate purposes, the FCRA authorizes consumer reporting agencies to furnish a consumer report to someone whom it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A).

Plaintiff alleges that Defendant is a "debt collector engaged in the business of collecting debts." *See* Docket No. 1-1, ¶ 8.  Plaintiff further alleges that, on August 30, 2012 while reading a copy of his consumer report that had been furnished to him by Transunion, he discovered that Defendant had obtained his consumer credit report on August 8, 2012. *Id.*, ¶ 9.  Plaintiff alleges that Defendant violated the FCRA by obtaining Plaintiff's consumer report "without Plaintiff's permission and without permissible purpose." *Id*.  Plaintiff alleges that he "has never had any business dealing with, applied for insurance from, or received a bona fide offer of credit from the Defendant(s)." *Id.*, ¶ 12.

A debt collector is permitted to obtain a consumer report if it does so for the purposes of collecting a debt. *See* 15 U.S.C. § 1681b(a)(3)(A).  "[O]ne of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer." *Hinkle v. CBE Grp*., No. CV 311-091, 2012 WL 681468, at *3 (S.D.Ga. Feb. 3, 2012), 2012 WL 681468; *see also Chavez v. Premier Bankcard*, LLC, No. 1:11–cv–01101 LJO GSA, 2011 WL 5417107, at * 3 (E.D.Cal. Nov.8, 2011).  Therefore, if a creditor retains a debt collector to collect a debt owed by a consumer, that debt collector has a permissible purpose for obtaining that

---

[1]More commonly known as a credit report.

1   consumer's consumer report, whether or not Plaintiff personally did business with this specific Defendant.

2   See *Hinkle*, 2012 WL 681468, at *3.  Defendant's alleged actions, as a debt collector, thus appear to be

3   permissible under the FRCA.  *See* 15 U.S.C. § 1681b(a)(3)(A).

4        Additionally, even if it did not appear from the allegations in the Complaint that Defendant's actions

5   as a debt collector were permissible under the FRCA, Plaintiff has failed to provide a factual basis for his

6   claim, as his Complaint provided only conclusory allegations that Defendant violated the FRCA.  In order

7   to succeed on a claim under § 1681b, Plaintiff must establish that Defendant did not have a permissible

8   purpose for requesting his credit report.  *See Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir.

9   2009) (granting summary judgment in favor of the defendant because the plaintiff had failed to present

10  evidence that the defendant requested the report without a permissible purpose).  Bare  allegations that the

11  defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient.

12  *See Flury v. CSC Credit Servs.*, No. CV11–1 166–PHX–FJM, 2012 WL 300726, at *1 (D.Ariz. Feb.1,

13  2012) (finding that the plaintiff failed to support his FCRA claim for improperly requesting a credit report

14  because his complaint contained "a single conclusory allegation that his credit report was 'obtained without

15  a permissible purpose'").  Merely reciting each of the permissible circumstances and denying that they

16  apply is similarly inadequate.  *See Myers v. Winn Law Group, APC*, No. 11–cv–2372 JAM KJN PS, 2011

17  WL 4954215, at *2–3 (E.D.Cal. Oct.18, 2012) (finding insufficient conclusory allegations, which grouped

18  all defendants together, that the defendants obtained the plaintiff's credit report and that the plaintiff neither

19  owed the defendants a debt nor had a contract with the defendants).

20        Here, Plaintiff has made the conclusory allegation that Defendant did not have a permissible purpose

21  to obtain his consumer report.  Docket No. 1-1, ¶¶ 9, 14.  Plaintiff also enumerates the permissible

22  circumstances under which a person may request a consumer report and alleges that none of these

23  circumstances existed in this case.  *Id.* ¶ 12.  Therefore, Plaintiff has done nothing more than assert legal

24  conclusions.  His bare assertion that Defendant violated the FRCA, with no factual basis, does not

25  sufficiently state a claim.[2]  *See Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678.

26

27        [2]

28        Plaintiff has also failed to specifically and sufficiently allege the causation and damages necessary
    to state a viable claim for violation of the FCRA.  *See Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d

4

1    For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice, with leave to

2  amend.[3]  If Plaintiff believes he can correct the deficiencies in his Complaint and chooses to file an

3  Amended Complaint, it should comply with this Order, and should contain not only additional factual

4  information, but also an explanation as to how those facts constitute a violation of the laws which serve as

5  the basis of his claims.

6  Accordingly,

7  **IT IS ORDERED** that:

8      1.    Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be

9          required to pay the filing fee of four hundred dollars ($400.00).

10     2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of

11         prepayment of any additional fees or costs or the giving of a security therefor.  This Order

12         granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas

13         at government expense.

14     3.    The Clerk of the Court shall file the Complaint.

15     4.    The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted,

16         with leave to amend.  Plaintiff will have until **October 24, 2013**, to file an Amended

17         Complaint, if he believes he can correct the noted deficiencies.  If Plaintiff chooses to

18         amend the complaint, he is informed that the Court cannot refer to a prior pleading (i.e., the

19         original Complaint) in order to make the Amended Complaint complete.  This is because,

20         as a general rule, an Amended Complaint supersedes the original Complaint.  *See Loux v.*

21

22  1147, 1173–74 (9th Cir.2009).  A plaintiff must affirmatively prove that he is entitled to damages.  *See*

23  *Ruffin–Thompkins v. Experian Info. Solutions, Inc*., 422 F.3d 603, 610 (7th Cir.2005).  Here, Plaintiff

24  would have to allege a factual basis to show that Defendant acted willfully in violation of the FCRA to

    establish a claim for statutory damages.  Plaintiff, however, has only provided conclusory allegations of

25  Defendant's willful violation of the FCRA and, therefore, his claim for damages is not cognizable.  *See*

26  *Ruffin–Thompkins*, 422 F.3d at 610.

        [3]

27    Since the Court finds that Plaintiff has failed to state a claim on his FRCA claim, the Court finds

28  that he has also failed to state a claim as to Count II, which alleges 4th Amendment privacy violations that

    rely upon Defendant's alleged violation of the FCRA.

*Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 24th day of September, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE